# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JERRY WAYNE PATE                                                                                    PETITIONER
Reg. #29678-076

v.                                            2:19-cv-00137-LPR-JJV

DEWAYNE HENDRIX,
Warden, FCI – Forrest City Low                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Petitioner Jerry Wayne Pate, an inmate at the Forrest City Low Federal Correctional Institution, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He contends the Bureau of Prisons ("BOP") has incorrectly calculated his jail time credit. (*Id*. at 1.) After careful consideration of Mr. Pate's Petition as well as the Response (Doc. No. 10) and Reply (Doc. No. 14), I recommend the Petition be dismissed with prejudice.

### II.   FACTS

Mr. Pate was arrested by Tennessee authorities in February 2016 and charged with violating the conditions of his probation. (Doc. No. 10-1 at 1, 6-7.) In June 2016, he was indicted on unrelated charges in the United States District Court for the Western District of Tennessee. (*Id*. at 2, 9-11, 13.) On July 5, 2016, Mr. Pate was transferred from state custody to United States Marshals Service ("USMS") custody via a writ of habeas corpus *ad prosequendum* for his first appearance in federal court on July 6, 2016. (*Id*. at 2, 15, 18.) He remained in USMS custody and was sentenced on October 11, 2017, to a period of sixty months' imprisonment in the BOP. (*Id*. at 2, 20-25.) On October 23, 2017, he was returned to state custody to face the charge of violating his probation. (*Id*. at 2.)

On October 30, 2017, Mr. Pate's state probation was revoked and his original sentence of

four years' imprisonment was reinstated.  (*Id*. at 2, 27.)  He was given 627 days of jail time credit toward his sentence.  (*Id*. at 27, 29.)  He was paroled from the state sentence on October 3, 2018, and was transferred to federal custody to begin serving his federal sentence.  (*Id*. at 2-3, 29, 32.)  The BOP originally gave him jail time credit for the period between February 8, 2016, when he was first arrested by Tennessee authorities, and October 10, 2017, when he was sentenced in federal court.  (*Id*. at 34-35.)  This was apparently an oversight; his sentence computation was subsequently updated to reflect that his federal sentence was to be served consecutively to his state sentence and that he was entitled to jail time credit for only February 8 and 9, 2016 – time which had not been credited toward his state sentence.  (*Id*. at 3, 37-38.)

Pursuant to 18 U.S.C. § 3621(b), Mr. Pate asked the BOP for a retroactive designation of the state institution as a place of federal confinement, which would have the effect of making his federal sentence run concurrently with the state sentence.  (*Id*. at 40-41.)  The BOP sought the federal sentencing court's position, and the sentencing court determined the two sentences should run consecutively.  (*Id*. at 40-41, 44.)  The BOP denied Mr. Pate's request accordingly.  (Doc. No. 1 at 1.)

### III. ANALYSIS

#### A. Jail Time Credit

Mr. Pate maintains the BOP's initial computation of his jail time credit was correct and should not have been changed.  (Doc. No. 1 at 1.)  Specifically, he argues he is entitled to 476 days of jail time credit for the period that he spent detained in a federal detention center under federal indictment:  from July 5, 2016, when he was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, to October 23, 2017, when he was returned to state custody.  (Doc. No. 14 at 3.)

The problem with Mr. Pate's argument is that this time was already credited against his state sentence. In accordance with 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." By enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). *See also United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) (where a defendant receives credit against a state sentence for time spent in state custody, he is not entitled to credit the same time against a federal sentence). Mr. Pate was given 627 days of jail time credit toward his state sentence, including the time he disputes here. (Doc. No. 10-1 at 27, 29.) That time may not be credited against his federal sentence too.

Mr. Pate makes much of the fact that he was in a federal detention center during the relevant time period. However, he remained under Tennessee's primary jurisdiction during that time:

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).

*Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). Tennessee was the first sovereign to take physical custody of Mr. Pate in February 2016 when he was arrested and charged with violating the conditions of his probation. *Id*. at 481-82. When the United States obtained physical custody of Mr. Pate on July 5, 2016, based on the writ of habeas corpus *ad prosequendum*, "the transfer of

4

physical control over [Mr. Pate's] custody from [Tennessee] to the United States did not terminate [Tennessee's] primary jurisdiction." *Id*. at 482 (citing *Hayes*, 535 F.3d at 910). Rather, Mr. Pate remained subject to Tennessee's primary jurisdiction and was "merely and temporarily 'on loan' to the United States." *Id*.

Accordingly, although Mr. Pate was detained in a federal detention center prior to the imposition of his federal sentence, the BOP correctly denied him jail time credit for this period. He remained under Tennessee's primary jurisdiction during that time, and he received credit against his Tennessee sentence.

### B.   *Nunc Pro Tunc* Designation

As previously noted, Mr. Pate requested a retroactive designation of the state institution as a place of federal confinement so that his federal sentence would run concurrently with the state sentence. (Doc. No. 10-1 at 40.) He does not raise this issue in his Petition and appears to concede it in his Reply (Doc. No. 14 at 3-4); however, I will address it due to the lack of clarity in Mr. Pate's filings.

Pursuant to 18 U.S.C. § 3621(b), the BOP shall "designate the place of the prisoner's imprisonment" when a federal court imposes a prison sentence. The Bureau has the specific authority to designate "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise." *Id*. Moreover, pursuant to 18 U.S.C. § 3585(a), a federal sentence commences when the defendant is received in custody at "the official detention facility at which the sentence is to be served." Thus, "when a federal defendant is already serving a state sentence, BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal

sentence.'"  *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)).

The BOP's Program Statement 5160.05, "Designation of State Institution for Service of Federal Sentence," guides the exercise of its discretion in this area.  *See Fegans*, 506 F.3d at 1104; https://www.bop.gov/policy/progstat/5160_005.pdf.  Consistent with *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), paragraph 8 of the Program Statement allows for a designation for concurrent service "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."  The factors to be considered, listed in paragraph 8(a), include inmate disciplinary history, institutional adjustment, recommendations of the wardens at the state and federal institutions, the recommendation of the prosecuting Assistant U.S. Attorney, and the intent of the federal sentencing court.  Paragraph 9(b)(4)(f) states the BOP "will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)."

Here, the BOP requested the federal sentencing court's position in accordance with Mr. Pate's request for a *nunc pro tunc* designation, noting that its judgment had been silent on the matter.  (Doc. No. 10-1 at 40-41.)  The sentencing court determined Mr. Pate's federal sentence should run consecutively to his state sentence because the state charge was "unrelated to the instant offense" and "not included as relevant conduct to the federal offense."  (*Id*. at 44.)  Thus, the federal sentencing court has already made a determination regarding the order of service of Mr. Pate's sentences.  For this reason, Mr. Pate is not eligible for a concurrent designation.

### IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Pate's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 1st day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE